Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

Judson Brown, P.C. (admitted *pro hac vice*)
T.J. McCarrick (admitted *pro hac vice*)
Grace C. Brier (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
1301 Pennsylvania Avenue NW
Washington, D.C. 20004
Telephone:    (202) 389-5000
Facsimile:    (202) 389-5200

*Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |
| CELSIUS NETWORK LIMITED, | |
| Plaintiff, | Adversary Proceeding No. 23-01167 (MG) |
| v. | |
| EQUITIES FIRST HOLDINGS, LLC and ALEXANDER CHRISTY; | |
| Defendants. | |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8

Debtor Celsius Network Limited ("Celsius"), by and through its undersigned counsel, hereby submits this response to *Defendants' Emergency Motion for Clarification* [Dkt. No. 29]. The "emergency" of which Defendants complain depends upon a tactically obtuse reading of the *Order Requiring Responsive Pleadings* [Dkt. No. 27], which—consistent with the Court's comments at oral argument—orders Defendants to submit an answer or other responsive pleading, so that the Court may adjudicate the Defendants' motion to compel arbitration. *See* 10/24/23 Hr'g Tr. 62:16-19 ("THE COURT: I will enter an order today requiring responsive pleadings to be filed to this complaint before I decide the motion to compel arbitration, and you better lay out all your defenses and it better be specific."); *id.* at 64:5-14 ("THE COURT: All right. I'm taking it under submission. I'm going to enter an order today requiring a responsive pleading … . Okay, I'm taking the motions under submission."). Put simply, there is nothing to clarify: to determine whether some claims are arbitrable and others should be stayed, the Court requested information on the nature and substance of Defendants' defenses, which to date have not been alleged in a responsive pleading or supported by affidavit or other competent evidence. The motion for "clarification" is Defendants' latest effort to further delay articulation of those defenses, which should not be the basis of an order compelling arbitration or staying claims unless and until they are contained in a pleading.

Defendants incorrectly assert that a motion to compel arbitration may be filed "in lieu of an answer or other dispositive motion." *See* Dkt. No. 29 at 3 (quoting *JS Barkats, PLLC v. BE, Inc.*, 2013 WL 444919 (S.D.N.Y. Feb. 6, 2013)). Under the plain language of the Federal Rules

USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

of Civil Procedure—which are incorporated in relevant part by the Federal Rules of Bankruptcy Procedure—a motion to compel arbitration is ***not*** the sort of motion under Fed. R. Civ. P. 12(b) that extends a party's time to answer under Fed. R. Civ. P. 12(a)(1). Defendants' "emergency" motion concedes that subject matter jurisdiction and venue are proper, taking their motion to compel arbitration outside of the ambit of Rules 12(b)(1) and 12(b)(3). Nor can their motion qualify as a motion for failure to state a claim upon which relief can be granted under Rule 12(b)(6). A "party seeking an order compelling arbitration must substantiate its entitlement to arbitration by a showing of evidentiary facts that support its claim." *See Ayco Co., L.P. v. Frisch*, 2012 WL 42134, at *3 (N.D.N.Y. Jan. 9, 2012) (alterations omitted). "The same standard applies to motions to stay judicial proceedings pending arbitration under § 3 of the FAA." *See id.* For that reason, motions to compel arbitration and related motions to stay are "not treated as a motion to dismiss pursuant to Rule 12(b)(6)," *id.* at *11, and instead are governed under "the summary judgment standard of review," *id.* at *3 n.3. *See also Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003) ("In the context of motions to compel arbitration brought under the Federal Arbitration Act …, the court applies a standard similar to that applicable for a motion for summary judgment.").

A "motion to compel arbitration [thus] does not delay a party's obligation to file a responsive pleading," and the Court could deny Defendants' motion to compel without affording them the ability to file an untimely responsive pleading. *See Hernandez v. Pei Wei Asian Diner LLC*, 2017 WL 6888260, at *2 (C.D. Cal. Oct. 2, 2017). To the extent Defendants have not included sufficient evidentiary material—whether in a responsive pleading, or by affidavit or declaration—they have failed to support their entitlement to arbitration and a stay, and their motion should be denied. *See GateGuard, Inc. v. Goldenberg*, 585 F. Supp. 3d 391, 402-03 (S.D.N.Y. 2022) ("[T]his argument is devoid of any citation to allegations in the complaint or any evidentiary

matter. It would require pure speculation to assume that there is a connection between the contract claim and the fraud claim."); *Diamond Glass Corp. v. Glass Warehouse Workers and Paint Handlers Local 206*, 1981 WL 2421, at *2-3 (S.D.N.Y. July 28, 1981) ("No affidavit or other proof has been submitted to show that the facts in dispute occurred during the tenure of the arbitration agreement or that the rights in dispute arise under it.").

It is for this reason that Defendants' cited case—*JS Barkats, PLLC v. BE, Inc.*, 2013 WL 444919 (S.D.N.Y. Feb. 6, 2013)—is distinguishable. There, the district court acknowledged that although the local rules require an affidavit setting forth necessary factual information for decision on a motion, "the [c]ourt already ha[d] all the factual information necessary to decide the motion." *Id.* at *2. Unlike that case, the record here is not complete, as evidenced by the very need for the Court's order. *See* Dkt. No. 27. Defendants chose to file their arbitration papers unsupported by any pleading, declaration, or other evidence apart from the language of the parties' contract, and they cannot secure arbitration by teasing (but not filing) allegations that conceivably could impact the arbitrability of the parties' dispute. Celsius therefore opposes Defendant's request to the extent it is designed, as it appears to be, to gin up an interlocutory appeal. Being ordered to file a responsive pleading to enable the court to adjudicate a motion to compel arbitration does ***not*** qualify as an order denying a stay of proceedings under the FAA, and—if anything—the Court can and should deny arbitration as to Counts I, VII, VIII, IX, and X, without affording Defendants the right to file an untimely responsive pleading.

## **CONCLUSION**

For the foregoing reasons, Celsius respectfully requests that this Court deny Defendants' motion for clarification, as no clarification is necessary. Celsius further respectfully submits that, based on the evidentiary record as it stands, Defendants' motion to compel arbitration should be denied, the Court should not allow Defendants to submit an untimely responsive pleading (which

they evidently do not wish to do), and the Court should retain jurisdiction over Counts I, VII, VIII, IX, and X of this adversary proceeding.

[*Remainder of page intentionally left blank.*]

Washington, D.C.
Dated: November 2, 2023

*T.J. McCarrick*
_____

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Judson Brown, P.C. (admitted *pro hac vice*)
T.J. McCarrick (admitted *pro hac vice*)
Grace C. Brier (admitted *pro hac vice*)
Hannah C. Simson (admitted *pro hac vice*)
Joseph D'Antonio (admitted *pro hac vice*)
1301 Pennsylvania Avenue NW
Washington, D.C. 20004
Telephone:      (202) 389-5000
Facsimile:      (202) 389-5200
Email:           judson.brown@kirkland.com
                     tj.mccarrick@kirkland.com
                     grace.brier@kirkland.com
                     hannah.simson@kirkland.com
                     joseph.dantonio@kirkland.com

  - and -

Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:           joshua.sussberg@kirkland.com

  - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:           patrick.nash@kirkland.com
                     ross.kwasteniet@kirkland.com
                     chris.koenig@kirkland.com
                     dan.latona@kirkland.com

*Counsel to the Debtors and Debtors in Possession*